IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 20-46-LPS |
| : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

**MEMORANDUM**

**I.     BACKGROUND**

In 1992, a Delaware Superior Court jury convicted Petitioner of multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Petitioner filed an application for a writ of habeas corpus, which the Honorable Gregory M. Sleet denied as meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Petitioner filed a second application for habeas relief, which the Honorable Joseph J. Farnan dismissed for lack of jurisdiction because it was second or successive. *Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 12, 2003, the Third Circuit Court of Appeals denied Desmond's application to file a second or successive habeas petition. *Id.* at D.I. 64.

Thereafter, Petitioner filed a Rule 60(b) motion for reconsideration, arguing that claims one, five, six, and seven of his 1996 habeas application should not have been dismissed for being procedurally barred. The Honorable Gregory M. Sleet denied the Rule 60(b) motion. *Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). Petitioner then filed a Rule 59(e)

motion for reargument, which the Honorable Gregory M. Sleet denied. The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

In 2011, Petitioner filed a petition for writ of mandamus essentially arguing that he was "actually innocent" of the first degree robbery convictions under two recent Delaware Supreme Court decisions. (*See Desmond v. Phelps*, Civ. A. No. 11-1102-LPS, at D.I. 3) The Court construed the mandamus request to be an unauthorized second or successive habeas petition, and dismissed the case for lack of jurisdiction. (*See id.* at D.I. 17 & D.I. 18) Petitioner appealed, and the Third Circuit "summarily affirmed" the Court's judgment, stating, "[j]urists of reason would not disagree with the District Court's decision dismissing the second or successive habeas petition for lack of jurisdiction, given that he did not obtain the requisite permission prior to filing it." (*Id.* at D.I. 23)

In 2014, Petitioner filed another petition for writ of mandamus which essentially challenged the validity of his 1992 conviction and sentence. (*See Desmond v. Superior Court of De.*, Civ. A. No. 14-1365-LPS, at D.I. 2) The Court dismissed the petition after concluding that it constituted an unauthorized second or successive habeas request. (*See id.* at D.I. 14 & D.I. 15) The Third Circuit denied Petitioner's request for a certificate of appealability, again stating that reasonable jurists would not find it debatable that the mandamus request constituted an unauthorized second or successive habeas request. (*See id.* at D.I. 23)

Presently pending before the Court is a document filed by Petitioner titled "Application for Writ of *Audita Querala*", by which he purportedly seeks "to invalidate the State of Delaware's sentencing scheme as applied in violation" of the Eighth Amendment 28 U.S.C. § 2254. (D.I. 1) He also contends that the mandatory 78-year sentence that was imposed for his robbery conviction "is

2

greatly disproportionate because it is greater than the sentences prescribed for premeditated murder." (D.I. 1 at 5, 9)

## II. STANDARD OF REVIEW

The writ of *audita querela* is available to federal courts under the All Writs Act. *See United States v. Morgan*, 346 U.S. 502, 506 (1954). "The common law writ of *audita querela* permit[s] a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009). Importantly, although the "writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief," it is generally limited to federal criminal cases[1] when a federal prisoner is unable to seek redress under § 2255. *Id.*

The proper vehicle for a state prisoner to challenge the validity of his conviction and/or sentence is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "created a statutory 'gatekeeping mechanism' for second or successive habeas petitions." *In re Hoffner*, 870 F.3d 301, 306 (3d Cir. 2017). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. Notably, a petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that

---

[1] *See Quintana v. Nickolopoulos*, 768 F. Supp. 118, 120 (D.N.J. 1991).

3

was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

### III. DISCUSSION

Petitioner is in custody pursuant to a state court judgment, and he challenges the legality of his 1992 Delaware conviction and sentence for robbery. Consequently, he cannot obtain relief via the writ of *audita querela*. *See Dukes v. Coleman*, 2016 WL 6638884, at *2 (W.D. Pa. Oct. 17, 2016) (explaining that the "writ of *audita querela* is extremely limited and does not grant subject matter jurisdiction to federal courts to review state court convictions.").

Petitioner is a frequent filer in this Court who has unsuccessfully pursued habeas relief on several occasions. His attempt to seek relief via a writ of *audita querela* appears to be a creative attempt to avoid AEDPA's gatekeeping bar on second or successive habeas petitions. Nevertheless, as aptly stated by the Seventh Circuit,

> [p]risoners cannot avoid the AEDPA's rules by inventive captioning ... [c]all it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, *audita querela*, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004).

A review of Petitioner's instant filing reveals that it is a second or successive habeas petition within the meaning of 28 U.S.C. § 2244 because: (1) it challenges the same 1992 conviction that was challenged in his first habeas petition; (2) the Court's dismissal of Petitioner's first petition was on

4

the merits; and (3) Petitioner's instant Eighth Amendment argument could have been asserted in his first petition. Since Petitioner filed the instant petition without first obtaining permission from the Third Circuit, the Court lacks jurisdiction to consider this unauthorized successive habeas request. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. The Court also concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant petition. (D.I. 1) The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: February 14, 2022

UNITED STATES DISTRICT JUDGE